# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**MARK ANTHONY JACKSON**                                                             **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 3:18-CV-P106-GNS**

**NURSE JANET et al.**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Anthony Jackson, filed a *pro se*, *in forma pauperis* complaint. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some claims will be dismissed, and others will be allowed to proceed.

## I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Luther Luckett Correctional Complex (LLCC), names as Defendants Correct Care Solutions (CCS) Nurse Janet at Kentucky State Reformatory (KSR); CCS APRN Tina Lyons at KSR; CCS Nurse Dominique at KSR; and KSR case-worker Heather Horn. He also names as Defendant CCS Nurse Abigail at LLCC. All Defendants are named in their official and individual capacities.

Plaintiff alleges that in November 2017, he was transferred to KSR, at which time Nurse Janet commented about the medication he had been treated with by Dr. Richards[1] for headaches since March 2017. According to the complaint, Nurse Janet said that Plaintiff did not need that medication (apparently Excedrin); that she did not know why Dr. Richards had given Excedrin to Plaintiff for a year; and that she would talk to Dr. Lyons and have it taken away. Plaintiff states

---

[1] Although not entirely clear, it appears from the complaint that Plaintiff may have been under Dr. Richards' care while he was housed at LLCC.

that her remarks prompted him to file a grievance against her. He states that Nurse Janet continued to make comments and claimed that he was on a hunger strike.

Plaintiff further alleges that APRN Lyons took him off of Excedrin and increased the amount of Topamax he was receiving. He states that APRN Lyons told him that he would not get the Excedrin back, to which he responded that Topamax does not help his "head hurts [and] to please figure out why it continues[.] She refused."

Plaintiff next alleges that both Nurse Dominique and Nurse Janet refused to give him a "med slip to be seen for my headaches then my medication comes up missing off the pill cart[.] [B]oth nurses told me I am not getting med slip for my headache [and] Tina Lyons order Topamax that's what I get and I will not be seen." Plaintiff states that he notified the clinical director, who told him that "it's my right and they was two errors."

Apparently, Plaintiff was then transferred to LLCC, where he believed that he would be "treated for headaches cause I am back in Dr. Richard's care." He states that once there he submitted a "med slip." However, he states that he was told by Nurse Abigail that:

> from the notes in the computer I will not be treated for headaches anymore and all I get is Topamax[.] [C]learly this is deny me medical care or adequate[] medical care in violation of 8th Amendment. There aware of incident that happen end of Feb. 2017 where an officer slam my body and head into wall. That's when head begin hurting. Now they won't treat me.

Finally, Plaintiff alleges that case-worker Horn and non-Defendant Unit Administrator Mitchell were aware that he wanted to file a petition of declaration of rights, but Mitchell refused to let him mail it because of Plaintiff's indigence. Plaintiff states that he then gave it to case-worker Horn to mail a few days before he was transferred to LLCC. He alleges that the Oldham County court stated that it did not receive the mailing. He also states that the grievance that he filed "seem[ed] to disappear." He alleges that his transfer was what the Kentucky Department of

2

Corrections does "so they can say it is a moot issue and continue with the misconduct they do." He alleges that, because his petition was not mailed, his effort to pursue a nonfrivolous legal claim was hindered in violation of his Sixth Amendment right.

As relief, Plaintiff asks for money damages and injunctive relief in the form of receiving "proper medical treatment test run to see cause of headaches" and to have all of his legal mail "be sent certified until 2020 while I am in Ky. Dept. of Corrections so it makes it to the proper location."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Official-capacity claims for monetary relief against Defendant CCS employees**

The official-capacity claims against the CCS Defendants are actually against CCS. *See, e.g.*, *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 WL 530841, at *5 (W.D. Ky. Feb. 11, 2013). "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). For purposes of initial review, the Court presumes that CCS is a state actor. However, a private corporation, like CCS, "is not liable under § 1983 for torts committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). Rather, like a municipality, a private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Plaintiff has not alleged that the CCS Defendants acted pursuant to a policy or custom in causing any alleged harm. Nothing in the complaint demonstrates that the action or inaction of any medical personnel occurred as a result of a policy or custom implemented or endorsed by CCS. The complaint, therefore, fails to establish a basis of liability against CCS. Consequently, the official-capacity claims for monetary relief against Defendants Nurse Janet, Tina Lyons, Nurse Dominique, and Nurse Abigail will be dismissed for failure to state a claim.

**Official-capacity claim for monetary relief against Defendant Horn**

Plaintiff identifies Defendant Horn not as an employee of CCS, but rather as a KSR employee.

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant Horn is an employee of the Commonwealth of Kentucky, the claims brought against her in her official capacity are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer or employee in her official capacity, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendant Horn in her official capacity. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claim for monetary damages against Defendant Horn will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a Defendant who is immune from such relief.

**Individual-capacity claims**

*Claim related to mailing his state-court petition*

Plaintiff alleges that Defendant Horn and non-Defendant UA Mitchell were aware that he wanted to file a petition of declaration of rights, but Mitchell refused to let him mail it because of Plaintiff's indigence. Plaintiff states that he then gave it Defendant Horn to mail a few days

before he was transferred to LLCC. He alleges that the Oldham County court stated that they did not receive the mailing.

Plaintiff states that he was "hindered" in his effort to pursue a nonfrivolous legal claim, but he does not say that he suffered any actual prejudice such as having his case dismissed. He states that he communicated with the state court and was told that it had not received his mailing. He does not allege that he was told that it was too late to file his document.

An inmate fails to state a claim for denial of access to courts based on prison officials' alleged delay or failure to process outgoing legal mail. *See e.g.*, *Wardell v. Maggard*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks and citations omitted); *Smith v. Campbell*, 113 F. App'x 85, 87 (6th Cir. 2004) (holding that state prison official did not violate inmate's right of access to courts by withholding item of legal mail for 25 days where the inmate did not explain what the case was about or indicate that it involved his conviction or confinement); *Truss-El v. Bouchard*, 103 F. App'x 575, 577 (6th Cir. 2004) (finding inmate had no claim against prison officials based on alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation).

To the extent Plaintiff is also raising a claim based on his First Amendment right to send mail, that claim is also without merit and subject to summary dismissal under § 1915A. While prisoners have a "First Amendment right to send mail," *Rodgers v. Hawley*, 14 F. App'x 40, 408 (6th Cir. 2001), "random and isolated interference" with a prisoner's mail does "not violate his constitutional rights." *Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000). Plaintiff has alleged only a random and isolated event that fails to rise to the

level of a constitutional violation.  Thus, Plaintiff's claims related to his mail, including his claim for injunctive relief, will be dismissed.

*Claim related to grievance*

Plaintiff alleged that a grievance he filed disappeared.

An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. Cty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977).  If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right.  *Spencer*, 638 F. Supp. at 316.  Plaintiff has no right to an effective grievance procedure.  *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991).  Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim.  *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).  Thus, Plaintiff's claim relating to the "disappearance" of his grievance must be dismissed.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that the official-capacity claims for monetary relief against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim and additionally against Defendant Horn for seeking monetary relief against a Defendant who is immune from such relief pursuant to § 1915A(b)(2).

**IT IS FURTHER ORDERED** that the individual-capacity claims and official-capacity claim for injunctive relief against Defendant Horn are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because all the claims against Defendant Horn have been dismissed, the Clerk of Court is **DIRECTED** to terminate Defendant Horn as a party to this action.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claim related to his grievance is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court will allow the individual-capacity claims for monetary damages and official-capacity claims for injunctive relief to continue against Defendants Janet, Lyons, Dominique, and Abigail relating to medical treatment for Plaintiff's headaches. In allowing these claims to continue, the Court expresses no opinion as to their ultimate merit.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the progress of the continuing claims.

Date: August 1, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009